IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

MARK ANTHONY WICKLUND,

        Defendant.

No. 3:15-cr-00015-HZ

OPINION & ORDER

Jane H. Shoemaker
U.S. Attorney's Office, District of Oregon
1000 S.W. 3rd Avenue, Suite 600
Portland, OR 97204

Amy Potter
U.S. Attorney's Office
405 E. 8th Avenue, Suite 2400
Eugene, OR 97401

    Attorneys for Plaintiff

1 – OPINION & ORDER

Tyl W. Bakker
Tyl W. Bakker, LLC
621 S.W. Alder Street, Suite 621
Portland, OR 97205

Anthony C. Schwartz
The Schwartz Law Firm
520 S.W. 6th Avenue, Suite 600
Portland, OR 97204

Lisa Hay
Office of the Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

       Attorneys for Defendant

HERNÁNDEZ, District Judge:

This case presents the question of whether Defendant Mark Wicklund's prior Oregon Robbery II conviction is a "crime of violence" under United States Sentencing Guidelines (U.S.S.G.) § 2K2.1.[1] The Court concludes that it is not.

## STANDARD

Federal firearms defendants are subject to an enhanced Sentencing Guidelines range when they commit a firearm offense after sustaining one or more felony convictions of a "crime of violence." United States v. Park, 649 F.3d 1175, 1177 (9th Cir. 2011) (quoting U.S.S.G. § 2K2.1(a)). To determine whether a prior offense is a "crime of violence," the Application Notes to U.S.S.G. § 2K2.1 refer to the meaning given that term in U.S.S.G. § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2. Section 4B1.2(a), which is otherwise known as the "career offender provision," defines "crime of violence" as:

---

[1] The Court received written briefs and heard argument from the parties at sentencing hearings on October 20, 2016 and November 2, 2016. The Court sentenced Defendant on November 2, but indicated that it would issue this written Opinion & Order explaining its analysis regarding whether Robbery II constitutes a "crime of violence."

>[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
>>(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>>
>>(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a).

In Oregon, a person commits Robbery II if the person violates Oregon Revised Statute § (O.R.S.) 164.395 (Robbery in the third degree) and the person:

>(a) Represents by word or conduct that the person is armed with what purports to be a dangerous or deadly weapon; or
>
>(b) Is aided by another person actually present.

O.R.S. 164.405.

A person commits Robbery III if in the course of committing or attempting to commit theft or unauthorized use of a vehicle . . . the person uses or threatens the immediate use of physical force upon another person with the intent of:

>(a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or
>
>(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft or unauthorized use of a vehicle.

O.R.S. 164.395.

## DISCUSSION

The Court applies the Guidelines as amended in August 1, 2016 in light of Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"), even though Defendant's crimes were committed prior to the amendments. "A district court properly applies the version of the

3 – OPINION & ORDER

Sentencing Guidelines in effect at the time of sentencing, unless doing so would violate the *ex post facto* clause." United States v. Thomsen, 830 F.3d 1049, 1071 (9th Cir. 2016); U.S.S.G. §§ 1B1.11(a), (b)(1). "To implicate ex post facto concerns, amendments to the Sentencing Guidelines must present 'a sufficient risk of *increasing* the measure of punishment attached to the covered crimes.'" United States v. Waters, 771 F.3d 679, 680 (9th Cir. 2014) (quoting Peugh v. United States, 133 S. Ct. 2072, 2082 (2013)). Here, there are no *ex post facto* concerns because, under either version of the Guidelines, the Court's conclusion regarding whether Robbery II is a "crime of violence" would remain the same.

Under the current Guidelines, § 4B1.2(a) contains two clauses—the "elements clause," § 4B1.2(a)(1); and the "enumerated offenses clause," § 4B1.2(a)(2). If Oregon Robbery II falls within either clause, it is a "crime of violence" under the Guidelines.

**I.     Elements clause—§ 4B1.2(a)(1)**

Oregon Robbery II is not a "crime of violence" under § 4B1.2(a)(1) because the level of physical force required for a conviction of Robbery II can be minimal and does not, therefore, rise to the level of force required by Johnson v. United States, 559 U.S. 133 (2010) ("Johnson I"). In reaching this conclusion, this Court agrees with the two other cases it is aware of from this District that have written opinions on this issue.[2] See Sloan v. Feather, No. 3:15-CV-00342-MO, 2016 WL 4472997 (D. Or. Apr. 8, 2016); United States v. Dunlap, 162 F. Supp. 3d 1106 (D. Or. 2016).

Section 4B1.2(a)(1) requires that Robbery II have "as an element the use, attempted use, or threatened use of physical force against the person of another." However, the inclusion of

---

[2] Sloan and Dunlap addressed whether Oregon Robbery III was a "violent felony" as defined by the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B). However, the analysis is equally applicable here because the terms "violent felony" in the ACCA and "crime of violence" in the Guidelines are interpreted according to the same precedent, Park, 649 F.3d at 1177, and the relevant elements of Robbery II are the same as Robbery III.

4 – OPINION & ORDER

"physical force" as an element of the state statute is not, standing alone, sufficient to make conviction under that statute a predicate offense. United States v. Dunlap, 162 F. Supp. 3d at 1113. Instead, the Supreme Court in Johnson I explained that the physical force must be "violent force" or "force capable of causing physical pain or injury to another person." Johnson I, 559 U.S. at 140.

The Oregon Court of Appeals, in another case involving a defendant named "Johnson," offers this Court guidance regarding the level of force needed to sustain a robbery conviction in Oregon. State v. Johnson, 215 Or. App. 1, 168 P.3d 312 (2007) ("State v. Johnson"). In short, very little force is needed.

State v. Johnson is a quintessential "purse-snatching case." The victim, an 86-year-old woman, drove home after her weekly bingo game, parked her car, and climbed the stairs to her house. State v. Johnson, 215 Or. App. at 3, 168 P.3d at 313. Her hands were full—she was carrying a vase of flowers in her left arm, she had her purse on her left shoulder, and her snacks and cane were in her right hand. Id. As she walked up the stairs, she felt her arm slip and thought she was losing her purse. Id. She reached to put her purse back on her shoulder and, at that point, saw the defendant running away with her purse and flowers. Id. The victim testified that "she did not feel a tug or 'much of anything.'" Id. The perpetrator was subsequently convicted of Oregon Robbery III. Id.

This Court has no doubt that the force exercised by the perpetrator in State v. Johnson is not the "violent force" or "force capable of causing physical pain or injury to another person" contemplated by the Supreme Court. The Government, however, urges the Court to look at a later Oregon Supreme Court decision for further guidance. See State v. Hamilton, 348 Or. 371, 233 P.3d 432 (2010).

5 – OPINION & ORDER

In Hamilton, the Oregon Supreme Court determined who qualifies as a "victim" of a robbery in Oregon. The Hamilton court discussed the elements of Oregon's robbery statutes and noted that, "[l]ike many criminal statutes, the robbery statutes reflect an escalating order of seriousness, beginning with robbery in the third degree," and all of the statutes have "the additional factor of actual or threatened violence that transforms the conduct from theft, which requires only the intent to deprive, into a substantively different crime, robbery." Id. at 378, 435. The Government argues that Hamilton makes clear that the level of physical force required for any Oregon robbery conviction satisfies Johnson I.

The Court agrees with the Government that it is hard to square Hamilton with State v. Johnson. The Court also notes that the Ninth Circuit Court of Appeals is currently reviewing whether Robbery III falls within the ACCA's elements clause and specifically asked for supplemental briefing regarding Hamilton, adding further support to the Government's argument that Hamilton impacts the analysis regarding the degree of force required for a robbery conviction in Oregon. See Order, United States v. Strickland, No. 14-30168 (9th Cir. Nov. 6, 2015). Nevertheless, despite being issued three years after State v. Johnson, Hamilton did not address, much less overrule, that case. Further, Hamilton, unlike State v. Johnson, did not directly address whether the use of minimal force could suffice to sustain a robbery conviction.

Therefore, as long as State v. Johnson stands, the Court cannot agree with the Government that Oregon robbery is a "crime of violence" under the elements clause of § 4B1.2, because the case shows that a defendant could violate O.R.S. 164.395 without the use of "violent force" or "force capable of causing physical pain or injury to another person."

///

## II.   Enumerated offenses clause—§ 4B1.2(a)(2)

In addition, Oregon Robbery II is not a "crime of violence" under § 4B1.2(a)(2) because, even though robbery is an enumerated offense in the Guidelines[3], the statutory definition of Oregon Robbery II is broader than the generic federal definition of robbery.

The fact that robbery is specifically enumerated in § 4B1.2(a)(2) strongly indicates that the offense of robbery qualifies as a "crime of violence." United States v. Mendoza–Padilla, 833 F.3d 1156, 1158–59 (9th Cir. 2016) (citing United States v. Rodriguez–Guzman, 506 F.3d 738, 741 (9th Cir. 2007) ("When an offense is specifically enumerated by the Application Notes as a 'crime of violence,' we have consistently drawn the conclusion that the offense is a *per se* crime of violence under the Guidelines."). However, the Court's analysis does not end here. Instead, the Court applies the categorical approach outlined by the United States Supreme Court in Taylor v. United States, 495 U.S. 575, 602 (1990). Id.; see also Rodriguez-Guzman, 506 F.3d at 744 ("To the extent that Hernandez-Castillo can be read to suggest that a Taylor analysis is not required for *per se* crimes of violence, we reject it[.]")

Under the Taylor categorical approach, the Court compares the elements of the statute of conviction, Oregon Robbery II, with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition. United States v. Valencia-Barragan, 608 F.3d 1103, 1107 (9th Cir. 2010). The Court does not "examine the facts underlying the offense, but 'look[s] only to the fact of conviction and the statutory definition of the prior offense.'"[4] Id. (quoting Estrada–Espinoza v. Mukasey, 546 F.3d 1147, 1152 (9th Cir.

---

[3] As of August 1, 2016, robbery is listed in § 4B1.2(a)(2) as an enumerated "crime of violence."
[4] Neither party contends that Robbery II is divisible. See Dunlap, 162 F. Supp. 3d at 1115 (concluding that Oregon Robbery III is not divisible); see also United States v. Parnell, 818 F.3d 974, 978 (9th Cir. 2016) (where a statute is not divisible there is no need for the Court to discuss the modified categorical approach).

2008)). "[E]ven the least egregious conduct the statute [of conviction] covers must qualify." United States v. Lopez–Solis, 447 F.3d 1201, 1206 (9th Cir. 2006). In other words, Oregon Robbery II is not a *per se* offense within the Guidelines if there is "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of [the] crime[s]" listed in the enhancement. United States v. Becerril–Lopez, 541 F.3d 881, 891 (9th Cir. 2008). "This realistic probability can be established by showing that, in at least one other case, 'the state courts in fact did apply the statute in the special (nongeneric) manner. . . .'" Nunez v. Holder, 594 F.3d 1124, 1129–30 (9th Cir. 2010) (quoting Gonzales v. Duenas–Alvarez, 549 U.S. 183, 193 (2007) (relying on one case to establish a realistic probability)).

As discussed above, State v. Johnson demonstrates that there is a realistic probability that an Oregon Robbery II conviction can result from conduct that falls outside of the generic definition of robbery. In the Ninth Circuit, the generic definition of robbery is "aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person." Becerril–Lopez, 541 F.3d at 891. The fact that a defendant was convicted of Robbery II in a purse-snatching case where the victim did not even realize she had been robbed until she saw the defendant running away demonstrates that robbery in Oregon can occur under circumstances that do not necessarily involve immediate danger to the person. See State v. Johnson, 215 Or. App. at 5–6, 168 P.3d at 314. In fact, the Oregon Court Appeals explained in State v. Johnson that a conviction could result where a perpetrator acts "so swiftly that the victim does not have time to resist, *i.e.,* by taking the victim's property so quickly that resistance is futile." Id.

8 – OPINION & ORDER

Even if Robbery II encompasses conduct that is broader than federal generic robbery, it may still be a "crime of violence" if such conduct would be captured by the federal generic definition of extortion. The Government urges the Court to consider the Ninth Circuit's conclusion that a California robbery conviction is a "crime of violence" under the Guidelines because it always constitutes either generic robbery or generic extortion. Becerril-Lopez, 541 F.3d at 892 (finding that if a conviction under Cal. Penal Code § 211 involved a threat not encompassed by generic robbery, it would necessarily constitute generic extortion and, thus, still be a "crime of violence" under U.S.S.G. § 2L1.2); United States v. Tate, No. 15-10283, 2016 WL 4191909, at *2 (9th Cir. Aug. 9, 2016) (applying Becerril-Lopez to U.S.S.G. § 2K2.1). In Becerril-Lopez, the Court concluded that California's robbery statute, Cal. Penal Code § 211, was broader than generic robbery because it encompassed takings accomplished by a broader range of threats than would the generic offense, such as "mere threats to property." Id. at 891. However, the Court held that any such threats to property would fall within generic extortion, which the Supreme Court has defined as "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." Id. (quoting Scheidler v. Nat'l Org. for Women, Inc., 537 U.S. 393, 409 (2003) (internal quotation marks omitted). The Ninth Circuit also explained that the "with consent" element of generic extortion was not inconsistent with the "against the will" element of Cal. Penal Code § 211 because "both crimes equally require that the defendant's threats induce the victim to give up his property, something which he would not otherwise have done." Becerril-Lopez, 541 F.3d at 892 n. 9. Therefore, the Ninth Circuit deemed California robbery a "crime of violence."

Defendant's attempt to compare Oregon's robbery statute to Cal. Penal Code § 211 is unavailing. State v. Johnson demonstrates not only why Oregon Robbery II is broader than

9 – OPINION & ORDER

generic robbery, but also why it is broader than generic extortion. The 86-year-old victim in State v. Johnson was not induced to give up her property by the perpetrator's threats. To the contrary, she did not even know what was happening until the perpetrator was running away.

In sum, an Oregon second-degree robbery is not a categorical match for generic robbery or generic extortion and, thus, is not a "crime of violence" under § 4B1.2(a)(2).

## CONCLUSION

Oregon Robbery II is not a "crime of violence" as "generic robbery," "generic extortion," or an offense involving "physical force." Thus, Oregon Robbery II cannot be a predicate "crime of violence" under U.S.S.G. § 2K2.1.

IT IS SO ORDERED.

Dated this \_\_\_14\_\_\_ day of November, 2016.

/s/ Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge

10 – OPINION & ORDER